# SUPERIOR COURT,

## SPRING SESSIONS,

## 1887.

---

James Trimble and John E. Stevenson, trading as James Trimble & Co. *v.* Mary A. Vandegrift.

*Bank Stock—Attachment—Sheriff ordered to Sell.*

Where certain bank stock had been attached upon *fi. fa.* attachment in the hands of the sheriff, the Court ordered the same, or a sufficient portion thereof to be sold in satisfaction of said writ, notwithstanding the cashier of said bank had been notified that said stock had been sold, but it not appearing to whom it had been sold and no transfer of the same having been made on the books of the bank.

(*New Castle, February 7, 1887.*)

APPLICATION for an order of court authorizing the sheriff to sell certain shares of bank stock previously levied upon on an execution attachment.

This was an attachment *fi. fa.* issued on a judgment obtained by plaintiff at the November Term, 1886, and under which certain shares of bank stock in the People's National Bank at Middletown, were attached.

The sheriff's return was in due form, and accompanied with the following certificate of the cashier of the bank.

"MIDDLETON, DEL., Dec. 17, 1886.
"Giles Lambson, Esq., Sheriff of New Castle Co.,
State of Delaware.
"DEAR SIR:
"I hereby certify that Mrs. Mary A. Vandegrift has nine

" shares of stock of the People's National Bank of Middletown, " Delaware, standing in her name on our books, of which we had " notice previous to your attachment for Jas. Trimble & Co., that it " had been sold."

Very truly,

G. D. KELLEY, Cashier."

*Alexander B. Cooper* for plaintiffs moved the Court for an order of sale, to sell said stock or as much thereof as might be sufficient to satisfy their judgment. Rev. Code, p. 378, Sec. 13.

The return states that the bank had notice of a sale of the stock prior to the attachment, but it does not say how, or from whom it received such notice, or to whom such sale was made.

Besides we claim that there was no such sale. It was not completed upon the transfer books of the bank. The cashier says they still stand in her name.

Even if there was an attempted sale or transfer of this stock, we claim it was fraudulent, and this is our only mode of testing it, as our claim is alone under the attachment. Any question as to the fact of an assignment, or its validity must arise hereafter.

After consideration, the COURT granted an order as follows :

And now to wit this seventh day of February, A. D., 1887, on motion of the plaintiff's attorney, for an order to sell the shares of bank stock attached by virtue of the above writ, or as many of said shares as shall be sufficient to satisfy the debt, interest and costs in said writ, it is ordered by the Court that the said shares or so many of said shares as shall be sufficient to satify the debt, interest and costs aforesaid, be sold at public vendue, to the highest bidder, upon such notice as is required for sales upon execution process.